Gantt, J.
The plaintiff complains that there is error in the final order of the court below, overruling his motion to retax *294 the sheriff’s costs, charged as commission on the sale of real estate under a decree of foreclosure. The only question in the case is, is the sheriff entitled to commission on the pxxrchase money, when the plaintiff bids in the property, as was done in this case?
Under the revised code of 1866, “all sales of mortgaged premises under a decree in chancery, shall be made by a sheriff, or other person authorized by the court, in the county where the premises, or some part of them is situated,” and in respect to officers’ fees, it was provided that “when persons in whose favor the execution or order of sale is issued, shall bid in the property sold on execution or decree, the sheriff or master making such sale, shall receive five dollars as his per cent, on such sale, and no more.” It seems very clear that in all other cases the sheriff was entitled only to “commission on all money received and disbxxrsed by him on execution, order of sale, order of attachment, decree, or sale of real or pex’sonal property.” But by act of February 25, 1875, it is provided that “in all, cases where real or personal property shall be in the hands of the shei’iff by virtue of execution, order of sale, order of attachment, or - decree of the court, and shall be taken in full or in part payment of the debt, or if the money shall be paid to the plaintiff, his agent or attorney, he shall be entitled to the same percentage as though the money was received and disbursed by him.” This act took effect from the tixne of its passage, and repealed all acts in conflict with it. The former acts referred to above, which only allowed commission on money received and disbursed, except the per cent of five dollars on sales upon execution or decree, are inconsistent with this latter act. Again this last act applies to all cases, in which the “property shall le vn the hands of the sheriff, by virtue of execution, order of sale, order of attachment, or decree of the court” and therefore it is not prospective in such sense as to exclxxde *295 judgments, decrees and orders rendered before its passage, and upon which executions and orders of sale are after-wards issued. In respect of “property in the hands of the sheriff,” either upon execution or order of attachment, or upon order of sale or decree, we can perceive no dis-. tinction; for in each case it may be said that the property is in the custody of the law, and in each case the debtor has a right to redeem the property, by the payment of the debt before the sale. |
The last act may be unwise and exact too great a penalty from tbe debtor for the non-payment of bis • debt,' but it is alone witbin tbe province of the legislature’ to determine these questions, and as it does not in this act infringe the limitations of - the constitution, or violate those fundamental, natural rights, which are inherent in: the citizen or subject of every enlightened and responsible government, it is not tbe province of the courts by construction to subvert such legislative action.
Tbe statute having clearly allowed the commission charged in this case, the order of the court below must be affirmed.
Judgment accordingly.